

**Signed and Filed: December 5, 2022**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case No. 22-30028-DM |
| E. LYNN SCHOENMANN, | ) Chapter 11 |
| Debtor. | ) |
| E. LYNN SCHOENMANN, | ) Adversary Case No. 22-3024 |
| Plaintiff, | ) |
| v. | ) |
| STUART GORDON SCHOENMANN; CELESTE LYTLE; BETH SCHOENMANN; COLETTE SIMS, | ) |
| Defendants. | ) |

**MEMORANDUM DECISION ON MOTION FOR SUMMARY JUDGMENT**

I. <u>Introduction</u>

The court heard argument on November 17, 2022 on the motion of Defendants Stuart Gordon Schoenmann, Celeste Lytle, Beth Schoenmann and Colette Sims for partial summary judgment and/or

-1-

summary judgment ("MSJ") (Dkt. 9).  Appearances are noted on the record.  For the reasons that follow, the court will GRANT the MSJ as to the March Deeds, July Deeds and November Deeds and enter Judgment in this adversary proceeding in favor of Defendants.

In the *Memorandum Decision Denying Motion for Summary Judgment* issued on November 28, 2022 (Dkt. 48 in Adv. Proc. No. 22-3019) ("Nondischargeability Decision"), the court discussed the Superor Court's Tentative Decision and its own views concerning the applicability and binding nature of various aspects of the Tentative Decision under principles of issue preclusion.  The court will not repeat those considerations here but they are fully applicable.

The Tentative Decision is sufficient to determine that the November Deeds and the July Deeds, as those terms are defined throughout the briefing, are invalid.  Were the court writing on a clean slate, arguments by Plaintiff, E. Lynn Schoenmann, ("Plaintiff") might be persuasive and justify denial of the MSJ as to those deeds.  But context is everything, and the clear import of the Tentative Decision, and the need to consider what were identical issues that were necessarily decided (or more precisely, not "entirely unnecessary"), for the Superior Court's decision under applicable principles of issue preclusion, cannot be ignored by this court.

As to the March Deeds, while they were not dealt with specifically by the Tentative Decision, the Defendants have established that there are no material facts in dispute based upon the current record that would require denial of the MSJ as

-2-

Case: 22-03024    Doc# 21    Filed: 12/05/22    Entered: 12/05/22 09:44:47    Page 2 of 8

to them; rather, Defendants have established and Plaintiff has not rebutted, the validity of those March Deeds as reflecting Donn Schoenmann's intent.

The court does not reach, and therefore does not decide, whether Plaintiff was barred from challenging the March Deeds based upon procedural matters presented (or not presented) to the Superior Court prior to this bankruptcy.

II. Discussion

    A. The November Deeds

The plain import of the Superior Court's detailed discussion and conclusions that the PMA and therefore the November Deeds that were contemplated by Plaintiff and her late husband, Donn, and recorded as a result of the PMA, were the result of undue influence by Plaintiff and that Plaintiff has not rebutted those facts in opposing their invalidity.

The Tentative Decision, at p. 10, in describing the final PMA, included this provision from the PMA:

> 4. The real property locations in Mill Valley, Idyllwild, and Scottsdale will all be held as community property with right of survivorship.

The PMA, under a heading of "Confirmation of Property," specifically lists the four parcels at three locations that are the subject of this adversary proceeding, and refers to each as

> ". . . currently held as joint tenants with rights of survivorship. Parties intend to hold said property as 'community property with rights of survivorship', and concurrent with the execution of this agreement, agree to execute a conforming deed, if necessary."

That is the way the November Deeds were in fact prepared and recorded (except that the California deeds changed the word "rights" to "right"), and remained as such until Donn passed away in 2018. There is nothing more to be said. The November Deeds cannot survive and must be invalidated as a matter of law.

The court does not need to make its own analysis as to undue influence or unclean hands. It agrees with Defendants that those deeds and the PMA were part of a single transaction, involving the same parties and relating to the same matters.

B. <u>The July Deeds</u>

While it is true that the July Deeds were not a direct product of the PMA, as were the November Deeds, the same record presented to the Superior Court compels this court to reach the conclusion that they are also invalid. The Superior Court painstakingly listed various facts that have not been rebutted and confirm that it necessarily decided the invalidity of the July Deeds without specifically addressing them or specifically declaring them to be invalid. The conclusion is mandated as a matter of law based upon this record.

The following are verbatim excerpts from the Tentative Decision that are dispositive:

> "In May 2016, Lynn discovered that Donn terminated the right of survivorship designations on the grant deeds to the marital real properties. This upset Lynn greatly, and as Donn predicted, a campaign to unwind the deed designation ensued." (Tentative Decision at 6:21-23)
>
> "First, Lynn told Donn (and others) that when he executed the grant deeds, he was cognitively impaired and therefore lacked capacity to execute the documents." (Tentative Decision at 7:1-2)

-4-

"Lynn's goal on the other hand, was to get Donn to execute grant deeds to the marital properties as joint tenants with right of survivorship." (Tentative Decision at 7:11-13)

"Lynn, acknowledged that Donn was in dire financial straits and proposed to pay Donn $150,000 in exchange for a new executed deed to Mill Valley property titled as joint tenants with right of survivorship. Lynn further offered to pay Donn $200,000 if Donn executed the documents as soon as possible. Donn rejected this offer." (Tentative Decision at 7:15-17)

"When they arrived, they were greeted by a notary who was waiting for them with a prepared grant deed for the Mill Valley property changing title to joint tenants with right of survivorship. Despite Donn's July 15th rejection of this offer, which would have included a payment of $150,000-200,000, Donn now executed this deed for no consideration." (Tentative Decision at 7:20-8:2)

"When they arrived, they were greeted by the same notary who was now waiting for them with prepared grant deeds for the Idyllwild and Powell Street properties changing title to joint tenants with right of survivorship. Donn executed these deeds for no consideration." (Tentative Decision at 8:8-10)

"On September 17, 2016, Donn sent an email to Sena and Stuart stating that in one of his "less lucid moments" he signed the Mill Vally home to Lynn. He stated Lynn brought him to a coffee shop, that a notary was waiting and that the document(s) had been pre-prepared. He stated that he had no idea if the executed documents distributed the property directly to Lynn or if it was held in joint tenancy." (Tentative Decision at 9:3-7)

There is nothing in the forgoing that would except these undisputed facts and make them entirely unnecessary to the Tentative Decision. The July Deeds are as invalid as the November Deeds.

-5-

C. <u>The March Deeds</u>

In Paragraph 55 of the Complaint, Plaintiff alleges that if the November Deeds and July Deeds are invalid, she would be entitled to prove that the March Deeds are invalid ". . . because (among other reasons) they were the product of undue influence by Stuart and improperly executed in breach of Donn's duties as a spouse." While those two bare-bones allegations might be enough to justify some liberal pleading amendments following a 12(b)(6) motion, here the Defendants have moved for summary judgment. The time to amend has passed, or should have been preserved by seeking more time before confronting the MSJ head-on.

Defendants have presented undisputed facts surrounding the execution of the March Deeds by Donn, the unimpeded involvement of his counsel and the legal analysis that supports their validity. Donn Schoenmann had the right to alter his spouse's interests in his half interests in the four properties and there is no evidence presented by Plaintiff to support an allegation that Stuart Schoenmann influenced his father in any manner. Similarly, there is nothing to support even an inference that Donn breached any duty to Plaintiff when he carried out his well-documented and undisputed desire to eliminate her survivorship rights.

Those deeds were not the product of any undue influence by Stuart Gordon Schoenmann or anyone else, and they cannot be challenged at this point.

In summary, Defendants have established their right to partial summary judgment as to the March Deeds based on the

Case: 22-03024   Doc# 21   Filed: 12/05/22   Entered: 12/05/22 09:44:47   Page 6 of 8

record presented in these proceedings, not matters presented to the Superior Court.

III. Conclusion

For the foregoing reasons, Defendants are entitled to summary judgment in all respects in this adversary proceeding. A judgment to that effect is being concurrently issued.

**END OF MEMORANDUM DECISION**

## COURT SERVICE LIST

ECF Recipients